Sandra Shoemaker
6380 Pawnee Circle
Colorado Springs, CO 80915
719-622-8673

## UNITED STATES DISTRICT COURT
### IN THE DISTRICT OF COLUMBIA

Sandra Shoemaker,

           Case No. 1:05cv01736 TFH

  Plaintiff(s),

v.

United States

  Defendant.

### REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1. Plaintiff hereby responds to defendant's MOTION TO DISMISS, with ample points and authorities is support of denying dismissal on any ground cited.

2. All grounds for dismissal assume, based solely upon a poorly worded damages request, that the case at bar is a refund suit under section 7422 of the Internal Revenue Code, rather than a damages suit under section 7433, as clearly stated.

3. To the extent that Counsel's misreading, misunderstanding, mischaracterization and misrepresentation (See: Motion for Sanctions and Referral to the BAR Disciplinary Committee, filed concurrently) may be due to inarticulate pleading on the part of Plaintiff(s), Plaintiff(s) respectfully request(s) leave to amend the Complaint. With knowledge that Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before a responsive pleading is served, Plaintiff(s) nonetheless request(s) the Court

grant leave to amend, which "shall be freely given when justice so requires". Rule 15(a), Federal Rules of Civil Procedure. An Amended Complaint is lodged concurrently with this Motion To Amend.

II

## DEFENDANT'S "SUBJECT MATTER JURISDICTION" MISREPRESENTS CASE

2. Counsel knows, or should know, that Internal Revenue Code sections 7422 and 7433 cannot be construed in pari materia. As stated by Justice Ginsburg in <u>Wachovia Bank, N. A. V. Schmidt</u> (04-1186), decided January 17, 2006, "...under the in pari materia canon, statutes addressing the same subject matter generally should be read " 'as if they were one law,' " <u>Erlenbaugh v. United States</u>, 409 U.S. 239, 243." Internal Revenue Code sections 7422 and 7433 address completely different subject matter.

4. The subject matter of Internal Revenue Code section 7433, and of the Complaint brought thereunder, is damages for unauthorized collection action(s), not refund of taxes assessed; in fact, the only connection to the "7433 Complaint" found within the body of Counsel's Motion to Dismiss is Counsel's acknowledgment that the lack of a 23C Summary Record of Assessment is (notwithstanding Counsel's misreading, misunderstanding, mischaracterization and misrepresentation) one of the *many allegations* raised in the Complaint.

3. Counsel knows, or should know, that the Court has subject matter jurisdiction of the IRC section 7433 damages suit he/she seeks to dismiss (as a 7422 refund suit). In relying solely upon jurisdictional prerequisites of section 7422 to dismiss a damages action brought under section 7433, Counsel ignores "the controlling

significance of context," recognized by Ginsburg, J., in the recent Supreme Court decision. Whatever the jurisdictional prerequisites of section 7422, none apply in the context of a damages suit brought under section 7433, the statutory provision under which the Complaint was brought. Plaintiff(s) seek(s) first a determination as to whether officers or employees of defendant's agent disregarded the provisions of the Internal Revenue Code or regulations promulgated thereunder in connection with collection activity, as alleged. If, at trial, the Court finds as fact that such unauthorized collection actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

3. Alternatively, if the Court finds that no provisions of the Internal Revenue Code or regulations promulgated thereunder were disregarded, then "refund" becomes the justiciable issue, and the proper venue for such "refund" action may then be determined.

III.

## VENUE IS PROPER BECAUSE ACT OF ASSESSMENT OCCURS IN THE DISTRICT OF COLUMBIA

4. Internal Revenue Code section 6203 specifies that "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." and "upon request of the taxpayer the Secretary shall furnish a copy of the assessment records to the taxpayer." Plaintiff(s) have so requested, the secretary has failed/refused to comply.

5. The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the

     Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is addressed at 1500 Pennsylvania. Ave. N.W., Washington D.C. 20224.

6. Venue, for purposes of seeking judicial determination with respect to the matters presently before the Court, is proper in the District of Columbia.

## IV

## AMENDMENT OF COMPLAINT REMOVES BASIS FOR CONFUSION

7. Plaintiff(s) have/has amended the Complaint in the above-captioned action, removing any reference to "unassessed amounts", and apologizes for confusing the Court. (See: Amended Complaint, concurrently lodged)

## V

## AMENDMENT A MATTER OF RIGHT

8. A motion to dismiss complaint under rule 12 is not a 'responsive pleading' within rule 15's amendment provisions. Christophides v. Porco, D.C.N.Y. 1968, 289 F.Supp. 403. That an ill-conceived defense motion, raising irrelevant, immaterial issues (See: Motion to Strike, and Motion for Sanctions and for Referral to BAR Disciplinary Committee), is ineffective with respect to a first, righteous amendment.

9. Counsel's ill-conceived attempt to insert herself (an advocate) as a witness is likewise insufficient to affect Rule 15's amendment by right.

WHEREFORE, Plaintiff(s) request(s) the Court grant leave to file the Amended Complaint, lodged herewith.

                              Dated: _____, 2006

                              _____

Sandra Shoemaker

### AFFIDAVIT

Affiant, Sandra Shoemaker, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1. It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8. Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10. To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

11. Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13. Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Affiant received no response.

14. Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15. The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

15. Affiant has exhausted all administrative remedies, attempted to mitigate damages and has

commenced this action within two (2) years after the date on which the right of this action accrued.

16. Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: Feb 10th, ~~2005~~ 2006

By *Sandra Shoemaker*
Sandra Shoemaker

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Sandra Shoemaker, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

*[signature]*
Notary, State of Colorado



## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his address of record.

Dated _February 10th_, 2006

*By Sandra Shoemaker*
Sandra Shoemaker