IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA SHOEMAKER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01736 (RWR) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: July 25, 2006.              Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA SHOEMAKER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01736 (RWR) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff alleges that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

QUESTION PRESENTED

Plaintiff's amended complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The amended complaint fails to allege that plaintiff has filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Sandra Shoemaker, filed a complaint on August 30, 2005. Plaintiff originally sought a "refund of all unassessed taxes," an injunction against further collection, and damages for alleged "wrongful collection." (Compl. ¶¶ 32-34.) On January 17, 2006, the United States filed a motion to dismiss

asserting, in part, that the Court lacked subject matter jurisdiction as plaintiff failed to allege that she filed an administrative claim for refund and fully paid the tax owed. (Mot. to Dismiss.)  The United States also asserted that plaintiff failed to state a claim for damages as he failed to allege that he filed an administrative claim for damages.  (*Id.*)  Plaintiff subsequently filed an amended complaint and a motion for leave to amend her complaint.  (PACER ## 7, 13.)

    2. <u>Relief sought in the amended complaint</u>.  Plaintiff abandoned her requests for a refund and an injunction.  Plaintiff still alleges that in connection with the collection of federal tax beginning "with 'tax year' 2000," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Am. Compl. ¶¶ 1, 7.)  Plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Am. Compl. ¶ 35.)1/

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages (Compl. ¶¶ 7, 35.)  This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative

---

    1/  Plaintiff also may be seeking declaratory relief.  (*See* Am. Compl. ¶ 34.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*." 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

-3-

administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).2/

---

2/ The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiff asserts that she "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Am. Compl. ¶¶ 6, 33.)3/  Therefore, plaintiff has not met her burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the amended complaint.

//
//
//
//
//
//
//

---

jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

    3/  Plaintiff also states, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies." (Am. Compl. ¶ 26.)  She then concludes by stating that "[e]ven assuming some minor defect in [her] administrative claim, requiring [her] to again pursue administrative remedies would amount to nothing more than futile exhaustion." (*Id.*)

CONCLUSION

Because the Court lacks jurisdiction over her amended complaint, the amended complaint should be dismissed.

DATE: July 25, 2006.

                                      Respectfully submitted,

                                      /s/ Jennifer L. Vozne
                                      JENNIFER L. VOZNE
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Phone/Fax:  (202) 307-6555/514-6866
                                      Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 25th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    Sandra Shoemaker
    *Plaintiff Pro Se*
    6380 Pawnee Circle
    Colorado Springs, CO 80915.


    /s/ Jennifer L. Vozne
    JENNIFER L. VOZNE