# UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Sandra Shoemaker

   Plaintiff(s),

v.

United States (Government)

   Defendant.

No: 1:05cv01736 TFH

RESPONSE TO MOTION TO DISMISS

Plaintiff hereby responds:

Defendant has moved to dismiss the above-captioned action for lack of subject matter jurisdiction. Defendants' motion fails as follows:

## 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss for failure to exhaust administrative remedies under 12(b)(6) failure to exhaust must assert a legal theory that is not cognizable as a matter of law, or failure to exhaust must be an issue of fact.

The Court has held that failure to exhaust is an issue of law and may be decided by the court[1]. To be decided as a matter of law under 12(b)(6) failure to exhaust must rise to the level of asserting a legal theory that is not cognizable as a matter of law. In both Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United

---

[1] The Court did not identify the criteria upon which it used to make the decision that failure to exhaust fails as a matter of law. It appears that the courts decision was arbitrary and was made in the absence of facts to support the court's decision.

RECEIVED
AUG 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law[2]. Therefore, even if failure to exhaust is an issue of law the instant matter cannot be dismissed for failure to exhaust because it does not rise to the level of asserting a legal theory that is not cognizable as a matter of law.

As plaintiffs understand, failure to exhaust is not an issue that asserts a legal theory that is not cognizable as a matter of law.

Pursuant to Turner which cites as a district precedent Koerner (dual cases), which were held to have set forth sufficient facts to survive a failure to state a claim motion. Koerner was improperly dismissed for want of subject matter jurisdiction. As shown below failure to exhaust is not jurisdictional. Thus, the court did have subject matter jurisdiction and the dismissal was improper. The instant case is indistinguishable from Koerner. Therefore Koerner is precedent with respect to adequacy of the instant Complaint, resulting in a similar finding.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F. 3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to

---

[2] Therefore Mastern, Turner, Keorner, Scott, etc were all improperly dismissed because the court has held that failure to exhaust is not jurisdictional and the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law. Therefore, dismissal pursuant to 12(b)(6) was also improper.

properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment). Thus, even though the court may find that the plaintiff(s) may have failed to exhaust administrative remedies, administrative remedies is only one of the factual issues raised in plaintiff's complaint upon which the court may decide. As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

If, as the defendant asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, Mastrerson, Turner and Koerner being among those "identical or nearly identical" cases, then pursuant to Koerner failure to state a claim is settled in that plaintiff's complaint sets forth sufficient facts to

survive a failure to state a claim motion.

## EXHAUSTION REQUIREMENT

Defendant raises as an issue that plaintiff has not exhausted her administrative remedy.

Defendant has filed an administrative claim with Internal Revenue Service, Area 11, Area Director, Denver, 600 17th Street, Denver, CO 80202-2490. Thus, defendants' claim is frivolous and must be denied.

## TIMELINESS

The record shows that plaintiff filed an amended complaint on Feb. 15, 2006 (Dkt. #8). The record shows that the motion to dismiss was filed bu defendant on July 25, 2006 (docket#16).

Rule 15(a) Fed. R. Civ. P. requires that if the pleading amended is one to which a responsive pleading is appropriate, the opposing party will have either the time remaining before a response to the an amended version was due, or ten days -- which ever is longer-- in which to respond. However, the court has authority to alter those time limits as may be appropriate in the circumstances of the case.

In the instant matter the record clearly shows that several months time elapsed before the responsive pleading was filed. Since all parties in this matter are bound by the rules the motion to dismiss must be ruled as untimely, denied and plaintiff's request for default must be entered.

For the above reasons plaintiff(s) request(s) the Court deny defendants' motion, grant default and allow plaintiff to proceed to prepare a damages claim.

Respectfully,

Dated _Aug. 17th_____, 2006

By /s/ Sandra Shoemaker
Sandra Shoemaker
6380 Pawnee Circle
Colorado Springs, CO 80915

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Sandra Shoemaker, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Colorado

CHRISTINE P. ALONSO
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 11/06/2009

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Jennifer Lynn Vozne
U.S. Department of Justice
P.O. Box 227 Ben Franklin Station
Washington, D.C. 20044

Dated Aug 17th , 2006

By Sandra Shoemaker
Sandra Shoemaker

Sandra Shoemaker v United States        Page 6 of 6        RESPONSE TO MOTION TO DISMISS
(Government) No. 1:05cv01736