IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SANDRA SHOEMAKER,         )
                                         )
              Plaintiff,          )  No. 1:05-cv-01736 (TFH)
                                         )
       v.                      )
                                       )
UNITED STATES,             )
                                       )
             Defendant.       )

**UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS AMENDED COMPLAINT**

The United States submits this reply and the attached declaration of Lisa K. Jones in support of its motion to dismiss.

STATEMENT

Plaintiff initially filed suit on August 30, 2005, seeking a "refund of all unassessed taxes," an injunction against further collection, and damages for alleged "wrongful collection." On January 17, 2006, the United States filed a motion to dismiss. In February, 2006, plaintiff filed an opposition to the motion to dismiss and a motion for leave to amend her complaint. She submitted a proposed amended complaint in which she eliminated her claims for a refund and injunction, yet failed to assert that she exhausted administrative remedies by filing an administrative claim for damages prior to filing the present action. Rather, plaintiff argued that she does not need to exhaust her administrative remedies. (Pl. Proposed Am. Compl. ¶¶ 6, 33.) Because plaintiff filed a motion for leave to amend rather than an amended complaint, the United States filed an opposition asserting that leave should not be granted because the Court lacks

jurisdiction over the proposed amended complaint due to plaintiff's failure to allege exhaustion of administrative remedies. The United States then moved to dismiss the amended complaint for lack of subject matter jurisdiction.

Plaintiff opposes the United States' motion to dismiss the amended complaint on three grounds: (1) the motion should be treated as a motion to dismiss for failure to state a claim and she has stated a claim; (2) she filed an administrative claim with the "Internal Revenue Service, Area 11, Area Director, Denver, 600 17th Street, Denver, CO 80202-2490" thereby rendering the United States' assertion of failure to exhaust frivolous" and (3) the motion to dismiss the amended complaint was untimely thereby entitling her to entry of default. (Pl. Resp. to Mot. to Dismiss.)

A.    Plaintiff's Failure to Exhaust Administrative Remedies Is a Bar to Subject-Matter Jurisdiction.

Plaintiff cites to Judge Bates' decisions in *Masterson v. United States*, 2006 WL 1102802 (D.D.C. 2006), and *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional.[1]/  First, this court is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a

_____

[1]/ Judge Bates based his opinion on the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006). In *Arbaugh*, the Supreme Court was addressing exhaustion in the context of Title VII and two private litigants. In the present case, the Court is addressing a section of the Internal Revenue Code and, more importantly, the United States and one private litigant.

different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 424 F.Supp.2d 219 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 424 F.Supp.2d 224(D.D.C. 2006) (Huvelle); *Koerner v. United States*, 424 F.Supp.2d 213 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 424 F.Supp.2d 230 (D.D.C. 2006) (Huvelle); *Holt v. Davidson*, --- F.Supp.2d ----, 2006 WL 2106961, * 3 (D.D.C. 2006) (Urbina).

Third, the United States submits, with respect, that the decision in *Turner* expanded the rationale of *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006) beyond its rather narrow factual situation, and improperly applied its reasoning to administrative schemes involving the sovereign United States. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's

long-recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United

States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define

the court's jurisdiction. One of the terms of the consent under section 7433 is that the

taxpayer must have exhausted his administrative remedies. And as a term of consent to

the waiver of sovereign immunity, the requirement of administrative exhaustion is by

definition a part of the "court's jurisdiction to entertain the suit."  Simply put, *Arbaugh*

did not deal with the special situation of sovereign immunity because neither party to

the lawsuit was a sovereign.  *Arbaugh* did not overrule *Nakshian*, because the two cases

deal with entirely different statutory schemes of relief. Therefore, this Court should

follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have

properly concluded that section 7433's exhaustion requirement is an element of the

United States' waiver of sovereign immunity, and thus an aspect of subject matter

jurisdiction.  In sum, the *Turner* decision, while it reached the correct result, failed to

preserve the difference between administrative schemes involving private parties, and

those that involve suits against the sovereign United States.

Fourth, even though Judge Bates held that section 7433's exhaustion

requirement is not jurisdictional, he nevertheless dismissed the cases for failure to state

a claim.

      B.    Plaintiff's Allegation of Filing an Administrative Claim Is Insufficient to Defeat the United States' Motion to Dismiss the Amended Complaint.

      Plaintiff asserts that she filed an administrative claim with "Internal Revenue Service, Area 11, Area Director, Denver, 600 17th Street, Denver, CO 80202-2490." (Pl. Resp. to Mot. to Dismiss at 4.) She failed to attach a copy of the allegedly filed administrative claim. Plaintiff's unsupported assertion does not defeat the United States' motion to dismiss.

      First, according to 26 C.F.R. § 301.7433-1(e), plaintiff must file an administrative claim for damages with the Service by mailing a proper claim to the Area Director, Attn: Compliance Technical Support Manager, in the district in which the taxpayer resides. Plaintiff admits that she did not direct it to the attention of the Compliance Support Manager. More significantly, the Service's district office in which the taxpayer resides - Denver, Colorado – does not have a record of her filing an administrative claim for damages. (Jones Decl. ¶ 4.)2/

      Second, assuming *arguendo* plaintiff did file an administrative claim, because she failed to attach a copy of the claim, it is unclear as to whether she included the required information. Plaintiff is required to provide the following information: (1)

---

    2/ The Court may consider matters outside the pleading without converting the matter to a motion for summary judgment when deciding whether it has subject matter jurisdiction. *C.f. McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004) (*citing Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3)

the dollar amount of the claim, including any damages not yet incurred but that are

reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-

1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding

26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann*

*v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006

WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3

(D.D.C. 2006).

Third, again assuming *arguendo* plaintiffs filed an administrative claim,

she did not identify the filing date.  Thus, it is unclear whether the statute of limitations

has expired.  Taxpayers seeking damages for alleged wrongful collection of federal

taxes must file an administrative claim prior to filing suit and must wait until the earlier

of a decision by the Service or six months prior to filing suit in district court.  26 C.F.R. §

301.7433-1(d).  Taxpayers must file suit within two years of when the "cause of action

accrues."  26 C.F.R. § 301.7433-1(g).  The Court may also lack jurisdiction because the

allegedly-filed administrative claim was filed more than two years from when the

"cause of action accrue[d]" or because plaintiff has not waited six months since filing

her administrative claim.

Fourth, the Court still lacks jurisdiction if plaintiff did not file the

administrative claim prior to filing suit.  Plaintiff cannot file suit and then exhaust

administrative remedies.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The

command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text."). Moreover, facts alleging subject matter jurisdiction must be pleaded in the complaint. Fed. R. Civ. P. 8(a)(1). In this case, plaintiff failed to allege in either her complaint or amended complaint that she filed an administrative claim for damages as described in 26 C.F.R. § 301.7433-1.

        Because plaintiff failed to allege that she filed an administrative claim for damages prior to filing suit and the Service does not have record of the plaintiff filing an administrative claim, the Court should dismiss the amended complaint.

        C.    An Untimely Motion to Dismiss Does Not Benefit Plaintiff as the Court Lacks Subject Matter Jurisdiction over the Complaint and the Amended Complaint.

        Plaintiff asserts that several months elapsed between when she filed her amended complaint and when the United States filed the motion to dismiss the amended complaint. (Pl. Resp. to Mot. to Dismiss at 4.) She argues that "[s]ince all parties in this matter are bound by the rules[,]"3/ default must be entered pursuant to

_____

        3/ Ironically, plaintiff filed untimely oppositions to both the United States' motion to dismiss the complaint and motion to dismiss the amended complaint. The United States served and filed its motion to dismiss the complaint on January 17, 2006. (PACER # 4.) Plaintiff had up to and including January 31, 2006 to file an opposition. *See* LCvR 7(b) and Fed. R. Civ. P. 6. Instead, plaintiff filed her opposition on February 15, 2006. (PACER # 7.) The United States served and filed its motion to dismiss the amended complaint on July 25, 2006. (PACER # 16.) Plaintiff had up to and including August 8, 2006 to file an opposition. *See* LCvR 7(b) and Fed. R. Civ. P. 6. Instead, plaintiff filed her opposition on August 18, 2006. (PACER # 17.)

her request.4/  (*Id.*)

Rather than serve and file an amended complaint as provided by Fed. R. Civ. P. 15, plaintiff filed a motion for leave to amend.  (PACER # 8.)  The United States opposed her motion asserting that the Court lacks jurisdiction over the proposed amended complaint.  (PACER # 9.)  In recognition of plaintiff's right under Fed. R. Civ. P. 15 to file an amended complaint without leave of the Court, the United States subsequently filed the motion to dismiss several months after the motion for leave to amend was filed.

Even in the absence of a timely filed motion to dismiss, the Court can excuse such timeliness.  Additionally, entry of default would not provide the plaintiff with any benefit.  Default judgment may not be entered against the United States unless the plaintiff "establishes a claim or right to relief by evidence satisfactory to the court."  Fed. R. Civ. P. 55(e).  In the present claim, plaintiff has not done so.  She failed to assert, in either her complaint or her amended complaint, that she filed an administrative claim for damages which is a necessary prerequisite to the Court's jurisdiction and to the Court's ability to award damages.  *See* 26 U.S.C. § 7433 & 26 C.F.R. § 301.7433-1(e).  Her unsupported allegation in an untimely opposition to the motion to dismiss does not cure her failure.

_____

4/  Plaintiff did not request entry of default because the United States failed to timely respond to her amended complaint; instead, she sought entry of default based upon an assertion that the United States failed to timely respond to her original complaint.  (*See* Aff. of Default ¶¶ 1-6.)  The United States filed a response to her request.  (*See* U.S. Opp. to Pl. Request for Entry of Default & Mot. to Strike.)

CONCLUSION

Because plaintiff failed to assert that she filed an administrative claim prior to

filing suit, the Court lacks jurisdiction and the complaint and amended complaint must

be dismissed.

DATE: August 25, 2006.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ Jennifer L. Vozne
　　　　　　　　　　　　　　　　JENNIFER L. VOZNE
　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　Phone/Fax:  (202) 307-6555/514-6866
　　　　　　　　　　　　　　　　Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S

OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT and

DECLARATION OF LISA K. JONES were caused to be served upon plaintiff *pro se* on

the 25th day of August, 2006, by depositing a copy in the United States' mail, postage

prepaid, addressed as follows:

> Sandra Shoemaker
> *Plaintiff Pro Se*
> 6380 Pawnee Circle
> Colorado Springs, CO 80915.

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1883280.1