RECEIVED

JAN 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sandra Shoemaker
6380 Pawnee Circle
Colorado Springs, CO 80915

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Sandra Shoemaker

        Plaintiff(s),        Case No. 1:05cv01736 *TFH*

v.

United States

        Defendant.

### RESPONSE TO DOCKET # 21

Plaintiff(s) responds to docket #21:

The docket record shows that the United States attorney was served on November 14, 2005. (Dkt #2) The record further shows that defendants' answer was due on January 13, 2006. (dkt # 2). The record further shows and counsel admits that counsel filed a motion to dismiss dated January 17, 2006. (dkt # 3, 4) The record thus shows that defendants' response was filed 4 days late thus plaintiff is entitled as a matter of law to entry of default. The record shows that plaintiff filed an affidavit for default dated March 1, 2006. The docket record further shows that plaintiff mistakenly filed an amended complaint and Motion to Amend dated February 15, 2006. The record shows that defendant filed a motion to dismiss amended complaint dated July 25, 2006. However, the

record also shows that an order to lodge the amended complaint was ~~issued~~ NOT issued until September 25, 2006. The amended complaint was lodged on the record September 28, 2006. Thus defendants' motion was premature and thus ineffective. Rule 15 requires defendant to respond to an amended complaint within ten (10) days after the amended complaint is filed. The record is silent as to defendant responding to the amended complaint within the required 10 days. The record shows that plaintiff filed an affidavit for default on the amended complaint on November 28, 2006 more that ten (10) days after default time expired to answer the amended complaint.

Defendant now files a response dated November 28, 2006 opposing plaintiff's affidavit of default asserting that defendant defended against the original complaint on January 17, 2006 under 12(b) and that the United States filed a motion to dismiss the amended complaint. Defendant further asserts that the United States was not properly served because the plaintiff signed the return of service.

## IMPROPER SERVICE

The record is clear that plaintiff did indeed sign the returns of service in this matter. However the D.C. Circuit has emphasized that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of precess and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F. 2d 874, 876 (D.C. Cir. 1993). Although "district courts" do not need to provide detailed guidance to pro se litigants, "they should

at least "supply [pro se plaintiffs] minimal notice of the consequences of not complying with procedural rules." *Id, see also Calloway v. Brownlee*, 366 F Supp. 2d 43,55 (D.D.C. 2005) (holding that the court "must take pains to protect the rights of *pro se* parties against the consequences of technical errors") (citing *Haines*, 404 U.S. at 520, 92 S.Ct. 594). Pursuant to *Moore*, courts within this jurisdiction have adhered to the basic premise that "rules governing service of process should not be enforced with draconian rigidity where courts have not first informed *pro se* plaintiffs of the consequence of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted. (*Lindsey*, F. Supp. 2d --, 2006 WI. 2413720, at *6 n. 6(citing *Thomas v. Knight* 257 F. Supp. 2d 86,88 n.1 (D.D.C. 2003) ([n]ormally, the Court would give a *pro se* plaintiff an opportunity to perfect service of process"); *Hilska*, 217 F.R.D. at 22 (citing *Moore* and denying motion to dismiss a pro se plaintiff's complaint for insufficient service of process where plaintiff had not received minimal notice of the consequences of failing to make proper service.)

Here, prior to the issue raised by the Defendant in its Motion to Dismiss, the Court has provided no service-related instruction to the Plaintiffs of the kind required by *Moore*, 994 F.2d at 876, making clear the consequences of failing to perfect service of process as was the case in *Lindsey*, F. Supp. 2d --, 2006 WI. 2413720, at *7. As Judge Walton stressed "the defendant cannot seriously contend that the identity of the person who sent

the summons and complaint by certified mail prejudiced the defendant in any way" *Id*. In sum, given the rather insignificant defect in service, the traditional leniency granted to *pro se* plaintiffs, and the fact that Defendant clearly has notice of this action and has made an appearance, the Court should, as has been done in other cases, deny defendant's Motion to Dismiss to the extent that it seeks dismissal solely based on insufficient service of process.

12(b)

To the extent that defendant seeks dismissal pursuant to 12(b)(1) the issue of subject matter has been addressed by the various judges in this court and has it has been well settled that failure to exhaust administrative remedies does not deprive the court of subject matter jurisdiction. This matter has been so well briefed by the various judges that plaintiff will not waste the courts time repeating what is well settled.

To the extent that counsel seeks to dismissal pursuant to 12(b)(6), a 12(b)(6) motion must be timely. In the instant matter the record is clear counsel filed her first motion under 12(b)(6) four (4) days late and her second motion before the amended complaint had even been filed and failed to oppose the amended complaint in any manner after the amended complaint had been lodged. A 12(b)(6) motion filed after the 60 day answering period certainly cannot be granted in the first instance. The failure of the defendant to file an answer within the ten (10) days allowed by law after the amended complaint was ordered

filed by the court is certainly fatal to defense claims in their objection to entry of default.

Wherefore, for the above reasons plaintiff requests that the Court grant plaintiff's motion for entry of default and allow plaintiff to conduct discovery and submit evidence in support of damages.

Dated 12-26-, 2006

*Sandra Shoemaker*
Sandra Shoemaker

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants' Counsel at her address of record.

Dated 12-26, 2006

*Sandra Shoemaker*
Sandra Shoemaker